## COMMONWEALTH *vs.* JOHN LEDDY.

In a complaint and warrant under the Gen. Sts. *c.* 86, §§ 42, 43, for the search of a dwelling-house, an averment that the house was occupied by the defendant "as a place of common resort kept therein" is sufficient.

In a complaint and warrant under the Gen. Sts. *c.* 86, §§ 42, 43, for the search of a dwelling-house, an averment that the complainant's belief that liquor is kept there is founded on common report is sufficient.

An officer, acting under a warrant authorizing him to enter a house described as occupied by A., and seize and remove liquors kept there by A. for sale in violation of law, found in the house a barrel of ale, belonging to A., in a room occupied by B. but having a faucet which, passing through a partition, opened into a room occupied by A. *Held,* that the officer was justified in entering B.'s room and removing the barrel.

COMPLAINT charging the defendant with assaulting Robert Crossman, a deputy of the constable of the Commonwealth, and unlawfully obstructing him in the execution of the duties of his office. At the trial in the superior court, before *Scudder,* J., the following facts appeared :

Crossman and Alfred G. Hitch made a complaint to the municipal court of Taunton, under the Gen. Sts. *c.* 86, alleging that they believed and had reason to believe that certain intoxicating liquors were kept and deposited by Edward Galligan in a certain house "occupied by said Galligan, as a place of common resort kept therein," which liquors were intended by Galligan for sale in violation of law ; and praying for a warrant to search said house for said liquors ; and Crossman made oath in the complaint that

he believed and had reason to believe that such liquors had been sold in said house, by the occupant thereof, or with his consent and permission, contrary to law, within one month next before the date of the complaint, and that said liquors were then kept therein for sale by Galligan contrary to law, and alleged that his said belief was founded on the fact that " common report is, that intoxicating liquors are sold there." Upon this, a warrant was issued to Crossman, reciting the complaint, and requiring him to enter the house, and search for and seize the liquors.

The house was occupied by Galligan and the defendant; each occupying one half of the cellar, the defendant's part of the cellar being divided from Galligan's by a partition, and having a door opening from a passageway common to both tenants, which was usually locked and the key kept by the defendant. In the defendant's part of the cellar, against the partition, was a barrel of ale, with a faucet passing through a hole in the partition, so that the ale could be drawn off behind a bar in Galligan's part of the cellar.

Crossman, having his warrant, entered Galligan's part of the cellar, found and seized there some liquors, and was then proceeding to enter the defendant's part of the cellar, when the defendant told him it belonged to him, and that he could not enter, unless he had a warrant to search his premises ; but Crossman nevertheless entered, and seized and removed the barrel of ale, and it was while opposing these acts of Crossman that the defendant committed the assault complained of.

The defendant requested the judge to rule that the complaint could not be maintained, because the complaint and warrant by virtue of which the officer presumed to act were fatally defective, in that the allegations required to authorize the search of a dwelling-house were insufficient; and also to instruct the jury that, " under his warrant, Crossman had no authority to enter the premises of the defendant, and remove any property of his, and therefore the defendant had a right to use all necessary and reasonable force, under the circumstances, to prevent him from so doing." But the judge refused so to rule and instruct the jury, and did instruct them that the complaint and warrant under

which Crossman acted were valid and sufficient to authorize him to do whatever he did, and that the defendant had no justification or excuse in law for his acts. The jury found the defendant guilty, and, in reply to a question by the judge, found that the property in the barrel and its contents was in Galligan. The defendant alleged exceptions.

*S. R. Townsend*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

CHAPMAN, C. J. 1. The averment that the building was occupied by the defendant " as a place of common resort kept therein," is sufficient within the Gen. Sts. *c.* 86, §§ 42, 43. In *Commonwealth* v. *Intoxicating Liquors*, 97 Mass. 332, there was no allegation that the occupant appropriated the building to such a purpose. Here there is in substance such an allegation; for it is alleged that the building was occupied by him as such a place.

2. The allegation of the complainant that the facts and circumstances on which his belief is founded, as required by the sections above cited, consist of common report, is sufficient. The facts and circumstances are required to be stated, not as tending to convict the defendant when put upon his trial, but to satisfy the magistrate that there is sufficient cause for issuing a search-warrant, and to enable him to state with reasonable propriety that probable cause has been shown to him for issuing it. His decision is not subject to appeal, and must be regarded as conclusive, unless it appears to be utterly groundless.

But common report may be of such a character as to convince any reasonable magistrate that an investigation ought to be made, and that a warrant ought to be issued for that purpose; and as the magistrate is obliged to make an official statement that it appears to him that probable cause has been shown for issuing the searchwarrant, it would be his duty to inquire into the character of the report, and ascertain the degree of its credibility. If it satisfies him, the statute is complied with, and the warrant is legal.

3. The barrel which is described in the bill of exceptions as containing the faucet through which ale was drawn by Galligan, was evidently in Galligan's possession, and not in the possession

of the defendant, although it was placed in the apartment which was otherwise occupied by the defendant. The use made of it implies access to it by Galligan, as well as an exclusive possession of it by him. The searchwarrant would therefore extend to that part of the cellar which contained it, including the doorway that led to it. The defendant could not protect it from seizure by allowing him to keep it where it was; and in resisting the officer when he went to seize it, he committed an assault and battery.                                    *Exceptions overruled.*