COMMONWEALTH *vs.* JOHN NEWTON.

Middlesex.    Nov. 26. — Dec. 7, 1877.    COLT & LORD, JJ., absent.

An officer, acting under a warrant authorizing him to enter a building described as occupied by A., but in fact occupied by A. and B. in separate tenements, and seize and remove liquors kept there by A. for sale in violation of law, has no right to enter and search a closet which is a part of B.'s tenement, and is not used by A. as a place of keeping liquors, although he believes that the closet is in A.'s occupation ; and B. may resist his entry, using reasonable force.

INDICTMENT alleging that the defendant assaulted George W Rigby, a police officer, and unlawfully obstructed him in the execution of the duties of his office.

At the trial in the Superior Court, before *Pitman*, J., it ap peared that a search-warrant was issued to Rigby, reciting belief and reason to believe that certain intoxicating liquors were kept and deposited by Michael Conners in a certain building " occupied by said Michael Conners as a dwelling-house, a shop and a place of common resort being kept therein," which liquors were intended by Conners for sale in violation of law, and requiring him to enter the building, and search for and seize the liquors.

The building was occupied, as Rigby knew, in part by Conners and in part by the defendant, in separate tenements. Rigby, having his warrant, entered that part of the building occupied by Conners, and was proceeding to enter a certain closet or apartment, which opened by a door into Conners's tenement, and also by another door into the defendant's tenement, when his entry was opposed by the defendant, and the alleged assault committed.

The defendant offered evidence tending to show that the closet or apartment was in his exclusive occupation and control, and that Conners had no interest or rights therein, or access thereto, or intoxicating liquors or other property therein ; but the judge refused to admit the evidence.

The defendant requested the judge to instruct the jury that Rigby, under his warrant, had no authority to enter the premises of the defendant and remove any property of his, and that the defendant had a right to use all necessary and reasonable force, under the circumstances, to prevent him from so doing. The judge refused so to rule, and instructed the jury that the warrant, under which Rigby acted, was sufficient to authorize him to enter the closet for search, if he believed the closet was in the occupation of Conners ; that he was not bound under this warrant to decide correctly at his peril the actual fact of occupancy ; and that the defendant had no right to oppose him.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*J. B. Goodrich*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth, submitted the case without argument.

Morton, J. The search-warrant in this case authorized **the** officer to enter and search the house occupied by Michael Con ners. It did not justify him in entering the tenement occupied by the defendant. If, therefore, the closet, which the officer insisted upon searching, was in fact a part of the defendant's tenement, and was not used by Conners as a place of keeping intoxicating liquors, the officer had no right to enter it, and the defendant had the right to resist his entry, using reasonable force. The fact that the officer believed that the closet was in the occupation of Conners cannot affect the rights of the defendant.

The case differs from *Commonwealth* v. *Leddy*, 105 Mass. 381, because in that case the apartment searched by the officer was occupied by Galligan, the person charged in the complaint and warrant, for the illegal keeping of intoxicating liquors, by the consent of the defendant. This apartment, therefore, was a part of the tenement occupied by Galligan, and the search-warrant included it.                    *Exceptions sustained*