CURTISS-BRIGHT RANCH COMPANY, A FLORIDA CORPORATION, *Appellant*, v. SELDEN CYPRESS DOOR COMPANY, A CORPORATION, *et al.*, *Appellees.*

Opinion Filed February 26, 1926.

*Burdine & Barco,* for Appellant;

*L. Earl Carry,* for Appellees.

BUFORD, J.—The Curtiss-Bright Company owned a certain lot in Hialeah in Dade County, Florida, and entered into a contract with one H. A. Hopkins by the terms of which Hopkins was to furnish the material and erect on the certain lot a building for the sum of $12,400.00.

Hopkins executed a bond payable to the Curtiss-Bright Company with the United States Fidelity & Guaranty Company as surety for the faithful performance of the contract.

Hopkins entered upon the work of constructing the building and partially finished it. While he was proceeding with the work of constructing the building, he, on March 21, 1922, received a payment on account of contract in the sum of $4,133.00; afterwards on the 9th day of May, 1922, while still engaged in the constructing of the building he received a like payment in a like amount. And thereafter and before any further sum was paid to the said Hopkins, and before he had finished the performance of his contract, he abandoned the construction of his contract, breached the contract and went to parts unknown.

When Hopkins abandoned his contract and left that part of the country the Surety Company was called upon by the owners to make good on its guarantee in behalf of Hopkins. The Surety Company authorized the owners to finish the construction of the building under the terms of the contract for its account.

The building was finished by Curtiss-Bright Company for the account of the Surety Company at a cost of $796.51 less than the contract price.

After Hopkins had received the second payment above

referred to, and after his surety on his bond had authorized the completion of the building for the account of the Surety Company, appellees filed in the office of the Clerk of the Circuit Court and caused to be recorded certain claims or liens for work done and material furnished.

The aggregate of the liens claimed was far in excess of the amount of $796.51 which was the sum left after completing the building under the terms of the contract. In April, 1923, Curtiss-Bright Ranch Company filed a bill of complaint in the Circuit Court of Dade County, Florida, setting up the facts, in which bill of complaint the lien claimants and the United States Fidelity and Guaranty Company were made defendants, and in which it was alleged that the defendants had no lien under the circumstances for any aggregate amount greater than the amount remaining due on the contract price after the building had been finished; to-wit, the sum of $796.51.

The appellant further alleged that the liens placed on record constituted a cloud on the title of the owners and complainants; and that the same would tend to and did depreciate the market value of the property. The prayer was as follows, to-wit:

"Therefore, to the end that the said clouds may be removed from the records against your Orators and to the end that the said moneys may be properly applied or divided among the several defendants, and to the end that proper priority may be determined, your Orator doth interplead, and your Orator doth herewith tender unto the Registry of this Honorable Court the said sum of $796.51 in lawful money of the United States of America, and prays that the Court will accept said moneys and will finally prorate or divide the same among the defendant creditors in such a manner as the laws of this State require.

For and inasmuch as your Orator is without remedy except in a Court of Equity, your Orator prays as follows:

(a) That your Orator may be granted the right to interplead in this suit to the end that the said sum of $796.51 may be prorated and divided in such manner as this Honorable Court may determine upon among the several defendant creditors herein.

(b) That the defendants and each of them may be required to file an answer herein, but not under oath, as answer under oath is waived, therein and thereby setting forth and showing unto the Court their several respective claims in and to said sum hereinbefore referred to, to the end that the Court may fix and determine the several priorities.

(c) That the several liens filed for record, as aforesaid, by the defendants named therein, may be decreed to be invalid and to be clouds on your Orator's title, and may be canceled and expunged from the records, to the end that your Orator may enter upon and enjoy his property without molestation or hindrance created thereby, and that each and every one of the said defendants may be restrained and enjoined from hereafter asserting or claiming any liens against your Orator's lands, as described herein, and that the rights of all parties may be adjudicated and determined.

(d) That upon final hearing, the court will order and decree that none of the said defendants are entitled to have or maintain a lien against your Orator's lands described herein or any part thereof.

(e) May it please the Court to grant unto Orator such other relief in the premises as the nature of this case may require, and which to your Honor may seem just." And further prayed for the process against the defendants.

Answer and cross bill was filed for the defendant, John

B. Orr. Answer and cross bill was filed for Selden Cypress Door Company. Answer was also filed by United States Fidelity and Guaranty Company. John B. Orr in his answer alleged that he filed his lien in the office of the Clerk of the Circuit Court on the 19th day of August, 1922, in which he claimed the sum of $407.50 to be due to him from the contractor for work done and material furnished on the building referred to, and in his cross bill he prays the foreclosure of his lien in the sum of $407.50. The Selden Cypress Door Company in its answer alleges that it filed its lien in the office of the Clerk of the Circuit Court on the 25th day of August, 1922, claiming the sum of $1,726.44 alleged to be due from the contractor to the claimants for material furnished to the contractor and in the cross bill in which its foreclosure of the lien is sought to enforce payment of the sum of $1,726.44, it is alleged the filing of the lien for material on the 25th day of August, 1922, and further alleged that it did on the 20th day of April serve a cautionary notice upon the owner under the provisions of the Statutes in such cases provided, that is, under the provision of Section 3518, Revised General Statutes of Florida.

A Master was appointed, testimony was taken and the report thereof was submitted to the Court. Upon consideration of the pleadings and of the report of the Special Master the Court entered its findings in the following language, to-wit:

"This cause came on to be heard before me upon the pleadings and evidence on file therein, and was argued by counsel for the respective parties.

"Upon consideration thereof the Court finds that Selden Cypress Door Company, a corporation, one of the defendants in this cause, is entitled to a lien upon the lands de-

scribed in the Bill of Complaint for the full amount of defendant's claim.

"The Court further finds that John B. Orr, one of the defendants in the above entitled cause, is likewise entitled to a lien against the lands described in the bill of complaint for the amount remaining unpaid on the contract at the time of the service upon complainant of the notice of lien filed by the defendant John B. Orr, in this cause.

"The Court further finds that the other named defendants, to-wit: Railey Milam Hardware Company, a corporation, I. E. Schilling Company, a corporation, Drake Lumber Company, a corporation, The Dixie Mosaic & Tile Company, a corporation, Thomas Campbell, George M. Raymond, Charles A. Roberts, Alexander Orr, Jr., W. J. Gautier and R. A. Gautier, a co-partnership trading under the firm name of Gautier & Son, J. H. McCormick, Henry Arthur Hopkins, Ernest Whiley, E. O. Lougendyke, A. B. Stewart, J. W. Zelm, F. A. Sayette, E. T. Thurmond, Fred Baum, Ed J. Helgendorf, and United States Fidelity and Guaranty Company, a corporation, have failed to sustain their claims by proof, and for that reason their respective claims are disallowed.

"IT IS THEREFORE ORDERED, That a decree will be made and entered by this court in accordance with the above findings.

"Done and Ordered in Chambers, at Miami, Florida, this first day of November, 1924."

And thereafter on the 22nd day of November, 1924, the Court entered a final decree in words and figures to-wit:

"This cause coming on to be heard upon Complainants Bill of Complaint, and the Court having heard the argument of solicitors, and having considered the Master's report of the testimony, and being fully advised in the premises:

"IT IS THEREUPON ORDERED, ADJUDGED AND DECREED, that the claims and liens filed as against Lots Sixteen (16), Seventeen (17) and Eighteen (18) of Block E of Deer Park, an addition to Hialeah as per the plat thereof recorded in Plat Book 8, Page 6, of the Public Records of Dade County, Florida, by the following named defendants, to-wit: The Railey-Milam Hardware Company, I. E. Schilling Company, The Dixie Mosaic & Tile Company, Drake Lumber Company, Thomas Campbell, George M. Raymond, Charles A. Roberts, Alexander Orr, Jr., W. J. Gautier and R. A. Gautier, trading as Gautier & Son, J. M. McCormisk, Henry Arthur Hopkins, Ernest Whiley, E. O. Laugendyke, A. B. Stewart, J. W. Zelm, F. A. Sayette, E. T. Thurmond, Fred Baum and Ed J. Helgendorf, be and they are hereby declared to be null and void and of no effect, and the Clerk of the Circuit Court is directed to write across the faces of the several liens hereinabove set forth, wherever they appear on the Public Records of Dade County, Florida: 'Cancelled, void and of no effect, as per order of this court dated November 22nd, 1924, and recorded in C. C. Book —, Page —.'

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, That the defendant, The Selden Cypress Door Company be and it is hereby decreed to have a lien against Lots Sixteen, Seventeen, and Eighteen of Block E of Deer Park in the amount of Seventeen Hundred Twenty-six Dollars and Forty-four cents ($1,726.44), with interest thereon at the rate of eight per cent per annum from August 25th, 1922;

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, That the defendant, John B. Orr, be and he is hereby decreed to have a lien against Lots Sixteen, Seventeen and Eighteen of Block E of Deer Park in the sum of Four Hundred Seven Dollars and Fifty cents ($407.50)

with interest thereon at the rate of eight per cent per annum from August 19th, 1922, that this lien decreed to John B. Orr shall be inferior, however, to the lien held by the Selden Cypress Door Company;

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, That the complainant herein do pay unto the defendant, the Selden Cypress Door Company the sum of $2,037.18; and unto the defendant, John B. Orr, the sum of $480.85, within five (5) days from the date of this order and in default of said payment as aforesaid, the premises mentioned in the bill of complaint and described as follows, to-wit:

"Lots Sixteen (16), Seventeen (17) and Eighteen (18) of Block E. of Deer Park an addition to Hialeah, as per the Plat thereof, recorded in Plat Book 8, Page 6, of the Public Records of Dade County, Florida, be sold at public outcry for cash in hand to the highest bidder at the South Front door of the Court House in Miami, Dade County, Florida, during the legal hours of sale, that the Special Master in Chancery heretofore appointed herein execute this decree; that he give public notice of the time and place of such sale by publication in the newspaper published in Dade County, once a week for four consecutive weeks beginning not less than twenty-eight (28) days prior to the date of sale; that the said Special Master, upon such sale being made, execute a deed to each purchaser or purchasers, and the said Special Master shall, out of the proceeds of said sale, retain his fees, disbursements and commissions on said sale; that he pay the officers of this Court their costs in this suit; that he pay unto the defendant, the Selden Cypress Door Company, the sum of $2,037.18, together with interest thereon at the rate of eight per cent per annum to the date of such sale; and unto the defendant, John B. Orr, the sum of $480.85 together with interest

thereon at the rate of eight per cent per annum to the date of such sale; and if such remainder be sufficient to pay the whole amount with said interest due the defendants, the Selden Cypress Door Company, and the defendant John B. Orr, as aforesaid, then he shall apply said remainder to the extent to which it may reach in satisfaction of said amount and interest; that he take receipts for all such disbursements from the respective parties to whom he may make such payments and file the same together with and as a part of his report of sale to this Court; and that in case the said premises shall bring or sell for more than sufficient for the purpose aforesaid, he shall pay the same into the registry of the Court to be disbursed as the Court may thereafter decree.

"And the said Master shall report his acts and doings under this decree to this Court with all convenient speed.

"Upon the coming in and approval of such report the complainant shall have leave to make application for such further orders as it may be entitled to under the Law.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, That in the event of the failure of the complainant to pay the sum of money hereinbefore specifically set forth, and upon the sale of said premises herein described, the said complainant herein named and each and every person claiming by, through or under it since the commencement of this suit be and they are hereby forever barred and foreclosed from all equity of redemption and claim of, in and to the above described premises, or any part thereof.

"Done and ordered, in Chambers at Miami, Dade County, Florida, this 22nd day of November A. D. 1924."

The court on the 9th day of January, 1925, made a Supplemental order in words and figures to-wit:

"This cause came on to be heard upon suggestion of

Complainant's solicitor and the Court having inadvertently failed to include in the Final Decree the rulings of several matters exhibited by the pleadings but the Court having heretofore determined to overrule and deny the same and the Court now being advised in the premises, it is therefore ordered, and adjudged and decreed that the Final Decree be amended by adding and inserting therein at the foot of the last paragraph, the following:

'It is further ordered that the following matters be overruled and denied: the motion to strike certain portions of the Answer of John B. Orr; The Motion to strike certain portions of the answer of Selden Cypress Door Company; it is further ordered that the exceptions to the answer of John B. Orr and the exceptions to the answer of the Selden Cypress Door Company, be likewise overruled; it is further ordered that the demurrer to the cross bill of Selden Cypress Door Company and demurrer to the cross bill of John B. Orr be likewise overruled and denied. To all of which rulings the Complainant excepts.'

Done and Ordered at the Court House on the 9th day of January, A. D. 1925."

An appeal was taken, notice of which was in the following language, to-wit:

"Now comes the Curtiss-Bright Ranch Company, a corporation, and enters this its appeal and notice of appeal to the Supreme Court of the State of Florida from the following Final Decree and Supplemental Order made in the above styled cause to-wit:

(a)  From the Final Decree ordering the complainant to pay certain sums of money to Defendants, Selden Cypress Door Company, and John B. Orr, which order is dated November 22nd, 1924, and recorded in Chancery Order Book 31, at page 26 thereof.

(b)  From the Supplemental Order denying complain-

ant's petition to the Court to order U. S. Fidelity & Guaranty Company to pay the Complainant the sum of $1,-721.53, which order is dated the 19th day of December, A. D. 1924, and recorded in Chancery Order Book 31, at page —— thereof.

And said appeal is hereby made returnable before the Supreme Court of the State of Florida, Tallahassee, Florida, on the 12th day of March, A. D. 1925.''

The decree was in favor of Selden Cypress Door Company in the total sum of $2,037.18, and in favor of John B. Orr in the sum of $480.85, together with interest thereon and adjudged and decreed a lien to exist upon the property described in favor of each of these claimants for the sums stated. The statute under which each lien is claimed is Section 3518, Revised Statutes of Florida, and is in the following language:

"3518. (2211) By persons not in privity with the owner. 1. As against the owner.—A person entitled to acquire a lien, not in privity with the owner, as aforesaid, shall acquire a lien upon such owner's real or personal property as against him, and persons claiming through his death, and purchasers and creditors with notice, by the delivery to him, or his agent of a written notice that the contractor or other person for whom the labor has been performed, or the materials furnished, is indebted to the person performing the labor or furnishing the materials in the sum stated in the notice; but if a person who is performing or is about to perform by himself or others, labor, or is furnishing or is about to furnish materials shall so desire, he may deliver to the owner, or his agent, a written notice that he will do certain work, or will furnish certain materials or both. A lien shall exist from the time of the service of the notice for the amount unpaid on the contract

of and by the owner to the contractor or the person for whom the work was done or the material furnished.

"Such service shall also create a personal liability against the owner of the property in favor of the lienor giving such notice for amount due him as aforesaid, but not to a greater extent than the amount of such original contract.

"(2)   As against Purchasers and Creditors.

"(a)   Upon Real Estate.—As against purchasers and creditors of such owners without notice, such liens against real estate shall be acquired from the time of the recording (subsequent to the service of the notice provided for in Paragraph 1 of this section) in the office of the Clerk of the Court in the County of a notice of lien similar to that provided by Section 3517.   Any purchaser or creditor whose title, interest, lien or claim in or to the property shall be created or shall arise while in the construction or repair of such property as aforesaid is in progress shall be deemed and held to be a purchaser or creditor with notice.

"(b)   Upon Personal Property.—There shall be no lien upon personal property as against creditors and purchasers without notice, except under the circumstances and for the time prescribed in Section 3517, and for the amount of indebtedness due to the lienor at the time of the service of the notice for by paragraph 1 of this section."

The question which this court is called upon to determine is, 1.  Whether or not John B. Orr and Selden Cypress Door Company have each a valid lien for the full amount of the respective claims.  The law of this case, except that which applies to the delivery of the cautionary notice, is settled and is enunciated in the decision in the case of Dekle et al. v. Valrico Sandstone Company, 74 Fla. 346, 77 So. 95, in the following language:

"Where the contractor abandons the building contract and the building is completed by the owner of the land,

liens may be obtained for amounts not greater than the amount due to the contractor under the terms of the contract.''

''An assignee of a building contractor or a surety on a contractor's bond may be a successor in interest to the contractor but the interest of the owner of the building is adverse to that of the contractor.''

''Where the Contractors abandon a building contract when no liens of materialmen or laborers had been acquired against the property, and when there was nothing due and unpaid to the contractor on the part performance of the contract and nothing afterwards became due to the contractors or their successors in interest on the contract because the owner completing the building at a loss on the contract price, no liens attach to the owner's property for those who furnished material and labor to the contractor before he abandoned the contract.''

''Where a bond is given to secure the performance of a building contract, the owners of the property being the obligee and the bond is expressly given to indemnify the owners and 'all persons who may become entitled to claims or liens under the contract according to the provisions of the law in such cases made and provided,' the provisions of such bond should not be held to give rights of action thereon in favor of those who furnish labor and material to the contractor but have no claims under the law against the property owner, obligees in the bond, unless the terms of the bond clearly require it to be so interpreted.'' See also Gramling et al. v. Chapman et al., 81 Fla. 362, 88 So. 238.

It would therefore appear that unless the cautionary notice referred to was delivered to the owners by Selden Cypress Door Company, before the contractor abandoned the construction of the building, and before the second pay-

ment was made to him, that then the only sum which this claimant could demand of the owner would be whatever sum was left in the hands of the owners after completing the building for the account of the contractor or his surety, and this claim, would be subject to any lien which was acquired by the delivery to the owner of notice of the claim prior to the delivery to the owner of notice of claim by Selden Cypress Door Company.

The lien is strictly statutory and before any person may have such lien the statutory provision must be strictly complied with and before he can enforce such lien the claimant must allege and prove a strict compliance with every requirement of the statute. No act necessary to the acquiring of the lien can be presumed to have been performed in the absence of proof that it was performed. The Statutes require that a cautionary notice, to be of any effect, must be delivered to the owner or his agent.

Peck v. Hinds, 68 Ill. Appeal 319; Belanzer v. Hersey, 90 Ill. 70; Ramsey v. Hawkins, 78 Fla. 189, 92 So. 823; DeSoto Natl. Bank v. Arcadia et al., 29 Fla. 479, 52 So. 612; Langford v. South Fla. Lumber Co., 63 Fla. 484, 59 Southern 12.

The probative effect of the evidence in this case fails to show a delivery of the cautionary notice to the owner either before the second payment was made to the contractor or at any other time. The legal evidence submitted at most only established the fact that such notice was written, signed and mailed. These facts do not warrant a conclusive presumption that the notice was delivered to the owner nor do they create a legal presumption that such letter was actually received by the owner. These facts only constitute evidence tending to show delivery of the notice. The statement of witness Stanger, that Hopkins told him (Stanger) that the letter had been delivered to him (Hop-

kins) by the owner was nothing more than hearsay and can be given no weight or effect. The preponderance of the evidence is clearly to the effect that the notice was not received by or delivered to the owner. The mere mailing of the notice by the claimant was not in compliance with the statute unless proof thereof could be followed up with proof of delivery to the owner.

U. S. v. Babcox, 3 Dill. 571; Jackson v. Goole, 72 Maine 337; Huntley v. Whitaka, 105 Mass. 381.

This brings us to the necessary conclusion that the aggregate amount which could have been recovered by the lien holders was of the sum of $796.51, being the amount left in the hands of the owner after completing the building for the account of the contractor; and that as to this amount, John B. Orr, by reason of first delivering his notice of lien to the owner had priority. That when the claim of John B. Orr shall have been satisfied, then the remainder of the funds in the hands of the owner after completing the building should be paid over to the claimant or claimants next in priority and when such sum so remaining in the hands of the owner shall have been so exhausted then all the remaining liens should be canceled and expunged from record.

It is therefore, ordered that the decree and the findings in this case be, and the same are each hereby reversed with directions that a decree be entered in accord with this opinion.

Reversed and remanded.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.