FORT MEADE HOTEL COMPANY, a corporation, *Appellant,* v. KNOXVILLE IRON COMPANY, a corporation, *Appellee.*

Opinion filed April 29, 1930.

Petition for rehearing denied May 20, 1930.

*Patterson & Wilson,* for Appellant;

*Walker & Willson,* for Appellee.

MATHEWS, Commissioner:

On December 21, 1927, appellee, complainant in the court below, filed its bill of complaint against the appellant and others as defendants seeking to establish and foreclose a materialman's lien.

The bill of complaint among other things alleges that certain lands in Polk County are owned by defendant hotel company and was owned by it at the time certain materials. were furnished; that complainant furnished re-enforced iron and steel to Nix McDonald Company, Inc., contractor, to be used in constructing a hotel building on said land; that part of said materials were delivered to Nix MacDonald Company, Inc., on November 24, 1926, part on December 18, 1926, and part on December 31, 1926, and that furnishing of same constituted one continuous transaction; that said materials were used in the construction of a building or buildings upon said land and were of the value of $1,773.14, no part of which had been paid; that complainant duly notified defendant hotel company in writing that it was furnishing said material to Nix McDonald Company, Inc., contractors, for use in the building to be constructed for it; that on March 26, 1927, it filed with the clerk of the circuit court of Polk County, a certain notice of lien and caused the same to be recorded. The bill alleges an indebtedness from defendant hotel company to the contractor.

The following exhibits mentioned in the bill and afterwards filed in evidence are material to the question of notice, and are as follows:

"Exhibit 'C.'

"Postal Telegraph Cable Company.
"December 8, 1926.
"Fort Meade Terrace Hotel Co.,
"Fort Meade, Fla.

"Have order from Nix McDonald for steel your hotel. Will you guarantee payment of account? Answer collect.

"KNOXVILLE IRON COMPANY."
"WOS/C"

"Exhibit 'D.'

"December 8, 1926.
"Fort Meade Terrace Hotel Co.,
"Fort Meade, Fla.
"Gentlemen:

"We today wired you per confirmation enclosed, regarding deformed steel bar order which we have received from Nix McDonald Company of Tampa, Florida, to be used in your hotel at Fort Meade.

"It is necessary that we have your advice that you will guarantee payment of the account before we make shipment of the material, and trust you will advise us immediately.

Yours very truly,
"Secretary & Treasurer."
"WOS:H"

"Exhibit 'E.'
"Fort Meade Terrace Hotel Co.
"Fort Meade, Fla.
"Gentlemen:

"We wired you on December 8th, advising that we were furnishing Nix McDonald, contractor, building your hotel, the deformed steel, and inasmuch as we

have heard nothing from you we are forwarding this letter by registered mail so our files will show that you have been duly notified regarding the account.

"We, of course, do not anticipate any trouble collecting from the contractors, but in the event they do not pay us, we will expect your company to reimburse us for the material in question.

. "We would like to have a letter from you acknowledging receipt of this communication.

"Yours very truly,
"Secretary & Treasurer."
"WOS:H."

"Exhibit 'F.'
"RETURN RECEIPT
"RECEIVED FROM the postmaster the registered or insured article the original number which appears on the face of this card.
"FORT MEADE TERRACE HOTEL CO.
"By Orrie M. Wetherington.
"Date of delivery 12/31/26."

The defendant hotel company denied that it was duly notified in writing by the complainant that it would furnish certain materials for use in the building and denied that the complainant had acquired a lien upon the property.

The court below decreed a lien to exist in favor of the complainant upon the building and lands described in the bill and ordered the property sold in default of payment.

The one question necessary to a decision on this appeal is, did complainant under the provisions of Section 5381, Comp. Gen. Laws of 1927, Section 3518, Rev. Gen. Stats. 1920, deliver to the owner or its agent a written cautionary notice that it would furnish certain materials?

Secretary of defendant hotel company testified he received communications "C" and "D" *supra;* that he did not answer, and as he received nothing further up to the time of settlement with the contractor, he supposed the contractor's order with complainant had been cancelled. Exhibits "C" and "D" do not state that complainant will furnish certain materials, but Exhibit "D" rather indicates that complainant would not furnish any building material to the contractor, unless the hotel company guaranteed the account.

The undisputed evidence shows exhibit "E" was attempted to be served by mail and receipted for in the name of Fort Meade Terrace Hotel Company, by Orrie M. Wetherington, a stenographer for the law firm of Patterson & Wilson; that Mr. Patterson of the said law firm was secretary of the Fort Meade Hotel Company; that the said letter was found under file letter "K" in the general correspondence file of Patterson and Wilson, attorneys, after settlement had been made with the contractor and that said letter had not theretofore been brought to the attention of the secretary of the defendant hotel company or delivered to any officer or stockholder of the Fort Meade Hotel Company. It is not questioned that defendant "Fort Meade Hotel Company" and "Fort Meade Terrace Hotel Co." are one and the same corporation.

A mechanic's lien is strictly statutory and before any person may have such lien, the statutory provisions must be strictly complied with and before the lien claimant can enforce such lien, he must allege and prove a strict compliance with every requirement of the statute. Curtiss-Bright Ranch Co. v. Selden Cypress Door Co., 91 Fla. 354, 107 So. R. 679.

The statute requires that a cautionary notice, to be of any effect, must be delivered to the owner or his agent.

Curtiss-Bright Ranch Co. v. Selden Cypress Door Co., *supra;* Section 5381, Comp. Gen. Laws of Fla. 1927, Section 3518, Rev. Gen. Stats. 1920.

The evidence in this case does not show delivery of a cautionary notice to the owner or his agent as required by statute.

The decree is reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the Court below should be, and the same is hereby reversed.

TERRELL, C. J., AND WHITFIELD, ELLIS AND BUFORD, J. J., concur.

STRUM AND BROWN, J. J., dissent.

STRUM, J. (dissenting):

In my judgment the notice given was sufficient to bind the owner.

BROWN, J., concurs.