THOMAS MEAD and G. M. MEAD, co-partners trading and
doing business under the name and style of THOMAS
MEAD & SON, *Appellants*, vs. PETER PICOTTE and MAX
J. KLEIN, *Appellees*.

Division A.

Opinion filed April 24, 1931.

*Raymond Yeomans* and *H. Ray Long*, for Appellants;

*Quincy & Rice*, for Appellees.

BUFORD, C.J.—In this case suit was brought by the appel-
lants against the appellees to enforce an alleged lien for
labor and material furnished by the appellants to the appel-
lee Picotte by the foreclosure of the lien on certain described
property alleged to have been improved by the labor and
material furnished. On final hearing the chancellor decreed
that the equities were with the defendant Klein (who was
made a party defendant because the title to the property
rested in him at the time of the institution of the suit) and
the bill was dismissed, from which decree appeal was
taken.

The only interest in the property which is shown by the
record to have been possessed by the appellee Picotte
was that the property was conveyed to Picotte and wife

and constituted an estate by entireties. The record showed no effort to have been made by the appellants to comply with the provisions of Section 1 of Chapter 9296, Acts of 1923, Section 5360 C. G. L. 1927.

The purported notice of lien attached to the declaration and introduced in evidence does not comply with the provisions of Section 1 of Chapter 9296, Acts of 1923, Section 5360 C. G. L. of Fla., 1927, nor with Section 2 of the said Act, being Section 5361 C. G. L. of Fla., 1927. Chapter 9296, supra, provides the exclusive method by which a statutory lien may be acquired and enforced by a laborer or materialman against property held by husband and wife as an estate by entireties.

For the reasons stated the decree appealed from should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.