J. J. GOLDSMITH, et ux., v. ORANGE BELT SECURITIES CO.

156 So. 3.
Division B.
Opinion Filed July 5, 1934.

*H. D. Wentworth,* for Appellants;

*Duncan, Hamlin & Duncan,* for Appellee.

BUFORD, J.—In this case the appeal is from a final decree in foreclosure of an alleged lien for materials and labor furnished to improve an estate by the entireties.

A demurrer to the bill was overruled. The demurrer presented the question as to whether or not the complainant had stated a case upon which it could recover under the provisions of Chapter 9296, Acts of 1923, Section 5360 C. G. L., which is in the following language:

"Labor and material liens upon estates by entireties.— Any person, persons or corporation performing labor upon or furnishing any materials used or to be used upon property owned by husband and wife as an estate by entireties, in the construction, alteration or repair of buildings or improvements upon said property where such labor is performed or materials furnished with the knowledge or assent of said husband and wife, or under a contract in writing with them, shall be entitled to subject said property in equity for the value of such labor or materials and may at any

time after the performance of the labor or furnishing of the materials, or after the making of a contract in writing therefor, file in the office of the clerk of the circuit court of the county in which the property is located, and have recorded in the record of liens required to be kept by said clerk, a notice of the performance of such labor or of the furnishing of such materials, or of the contract therefor—the form of notice being hereinafter provided—and from the date of the filing of such notice the rights of all performing labor or furnishing materials, or purchasers or creditors of such owner shall be subject and subordinate to the claim set out in said notice."

Other questions are raised, but we think the case must be disposed of on this question presented by the demurrer.

The bill of complaint alleged, amongst other things:

"2. That the defendants, J. J. Goldsmith and his wife, Joy M. Goldsmith, are the owners in fee simple of the following described tract of land lying and being in the County of Lake and State of Florida, to-wit:

West half (W½) of West half (W½) of Northeast Quarter (NE¼) of Northwest Quarter (NW¼), Section Thirteen (13), Township Twenty-one (21) South, Range Twenty-five (25) East, containing ten (10) acres, more or less,

which land is set out in citrus trees, forty-eight (48) in number to the acre.

"3. Your orator further shows and represents unto your Honor that on or about the 2nd day of March, A. D. 1921, the defendants, J. J. Goldsmith and Joy M. Goldsmith, his wife, contracted with your orator to cultivate, fertilize, work, spray and otherwise care for the citrus trees then to be planted upon the above described tract of land; that

shortly after the execution of said contract said citrus trees were planted, and are now of a large size and in good condition; that since the date of the contract and the planting of said citrus grove your orator has diligently cultivated, fertilized, worked and otherwise cared for the land above described, and the citrus trees situated thereon; that up to and including the 30th day of November, 1928, the defendants above paid in full all moneys due for cultivating, fertilizing, spraying, working and otherwise caring for the land and citrus trees above described; and that since the 1st day of December, A. D. 1928, and up to and including the date of filing of this bill of complaint, the said defendants have failed and refused to pay or make any of the payments due under and by virtue of the contract above described, due subsequent to December 1, 1928, for the cultivation, fertilizing, working and otherwise caring for the lands above described, and the citrus trees located thereon."

We may say in passing, however, that the notice attached to the bill of complaint and which was proven as an attempted notice of lien which was filed does not meet the requirements of Section 5361 C. G. L., which was Section 2 of Chapter 9296, Acts of 1923, in that the notice does not state the names of the owners of the property. It states names, but it does not allege them to be the owners. The notice does not describe the character of the labor performed, nor does it describe the materials alleged to have been furnished, nor does it set forth the value of the materials alleged to have been furnished.

It will be observed that the statute provides a lien upon property held by husband and wife as an estate by entireties in favor of any person performing labor or fur-

nishing materials "in the construction, alteration or repair of buildings or improvements upon said property."

As we construe this statute, when considered in connection with other statutes on the same subject, we must arrive at the conclusion that it was not the legislative intent to create a lien against property held as an estate by entireties for such labor and material as is the subject of this suit.

Section 3496 R. G. S., 5350 C. G. L., provides as follows:

"For labor on buildings and structures.—In favor of any mechanic, laborer or other person who shall perform by himself or others any labor upon, or in the construction or repair of any building or other work or structure, or additions to or upon any fixtures therein or thereon; upon such buildings, work or structure and the land upon which it stands."

Section 3497 R. G. S., 5351 C. G. L.; provides for a lien upon other classes of property not embraced in the above quoted section.

Section 3498 R. G. S., 5352 C. G. L., provides as follows:

"For labor on farms, etc.—In favor of any person performing by himself or others any labor upon or in any farm, orchard, grove, garden, park or other grounds, whether in clearing up, fencing, ditching, or draining, or in maintaining, improving or cultivating the same; upon such farm, orchard, grove, garden, park or other grounds."

Sections 3499 R. G. S., 5353 C. G. L., 3500 R. G. S., 5354 C. G. L., and Section 5356 C. G. L., being Section 1 of Chapter 7922, Acts of 1919, provide for liens on property and in favor of claimants other than those mentioned in the sections above quoted.

Prior to the enactment of Chapter 9296, Acts of 1923, the lien statutes were not enforceable against property held as an estate by the entireties. We have heretofore held that

the right to enforce a lien for labor performed or materials furnished is purely statutory. Logan-Moore Lbr. Co. v. Lagato, 100 Fla. 1451, 131 Sou. 381; Allardice v. Wetherlow, 98 Fla. 475, 124 Sou. 388.

In Logan-Moore Lbr. Co. v. Legato, *et al., supra,* we said:

"Chapter 9296, Acts of 1923, Sections 5360 to 5362, inclusive, Comp. Gen. Laws, provided for the creation and enforcement of liens on estates by entireties in favor of those performing labor or furnishing material used, or to be used, upon property owned by husband and wife as an estate by entireties and laborers and materialmen are limited to the statutory remedy therein provided in subjecting an estate by entireties to the payment of their claims for labor or materials furnished for the construction of improvements or betterments on real estate so held."

In Ferdon, *et ux.,* v. Hendry Lbr. Co., 97 Fla. 283, 120 Sou. 335, we said:

"Right to enforce lien for labor performed or material furnished against estate by entireties is statutory, and one seeking to enforce such lien must allege existence of statutory provisions under which such lien may be acquired."

See also Ft. Meade Hotel Co. v. Knoxville Iron Co., 99 Fla. 947, 127 Sou. 896; Meade v. Picotte, 101 Fla. 325, 134 Sou. 57. Applying the rule of *ejusdem generis* to the statute here under consideration, we must hold that the lien provided could only be acquired by one who performs labor or furnishes material in the construction, alteration or repair of buildings or improvements of like character. The doctrine is that where an enunciation of specific things is followed by some more general word or phrase such general word or phrase is to be held to refer to things of the same kind. Therefore, when in this statute the Legislature used

the words "in construction, alteration or repair of buildings" and then followed with the general phrase, "or improvements upon said property," it must be held to mean improvements of that kind specifically theretofore enumerated. See Bock v. Perkins, 139 U. S. 628, 35 Law Ed. 314; Hills v. Joseph, 229 Fed. 865; United States v. F. E. C. Rwy., 122 Fed. 33; Pulom v. Jacob Dold Packing Co., 182 Fed. 256; Misch v. Russell, 136 Ill. 22, 26 N. E. 528.

Statutes of this character have been construed by other courts. In 18 R. C. L. 892 the writer says:

"'Other' Improvement or Structure.—Where the statute provides for a lien upon any building, erection, etc., or 'other' improvement or structure, the term 'other' improvement or structure is interpreted by some courts in accordance with the familiar doctrine *ejusdem generis*. That is, the term in question is regarded as including only such erections or constructions as are similar to the improvements or structures named. Where this view obtains, it has been held that under a statute giving a lien for work on a building, erection or 'other' improvement or structure, there can be no lien for a hedge or for cultivating the soil."

See also Guise v. Oliver, 51 Ark. 356, 11 S. W. 511; Lieper v. Minning, 74 Ark. 510, 86 S. W. 407; E. Ark. H. Fence Co. v. Tanner, 67 Ark. 156, 53 S. W. 886. In the latter case the court said:

"We think the claim of mechanic's lien is not well founded. While the statute in force at the time of performing this work (Mansf. Dig. No. 4402) recites that 'every mechanic, builder, artisan, workman, laborer or other person who shall do or perform any work or labor upon or furnish any material, machinery or fixtures for any building, erection or other improvement upon land, including contractors, sub-contractors, material furnishers, mechanics

and laborers, under or by virtue of any contract, express or implied, with the owner or proprietor thereof, or his agent, trustee, contractor or sub-contractor, upon complying with the provisions of this Act shall have * * * a lien upon such building, erection or improvement and upon the land belonging to such owner or proprietor upon which the same is situated,' yet, since only an acre can be the subject of the lien given, we do not think the Act contemplated a lien on a piece of land of the mere linear dimensions, to secure the payment for such improvement, for such a construction of the Act would work incalculable damage to the owner under certain circumstances. Besides, the expression 'other improvements,' according to a familiar rule of construction, can only refer to improvements of a character similar to those immediately before mentioned."

In Brown v. Wyman, 56 Iowa 452, 9 N. W. 344, the court said:

"Section 2130 of the Code secures a lien to 'every mechanic or other person who shall do any labor upon, or furnish any material, machinery or fixtures for any building, erection, or other improvement upon land.' Does this provision of the statute give a lien for the mere turning over of the soil with a plow? We are constrained to hold that it does not. The lien is given for any improvement upon land."

In Nanz v. Park Company, 103 Tenn. 299, 76 Am. St. Rep. 650, the Supreme Court said:

"And this liberal construction applies to the subject matter—that is, the property to which the lien attaches and against which it may be enforced; Steger v. Artic Ref. Co., 89 Tenn. 453. While we recognize these rules as well established, they only apply in favor of parties who are clearly entitled to such lien under the statute. In Thompson v.

Baxter, 92 Tenn. 305, 36 Am. St. Rep. 85, it is said: 'The claimant must make it clearly appear that he has a lien. This lien is purely statutory and unknown to the common law. Only those enumerated and embraced in the statute are entitled to it. A liberal construction of the mechanic's lien law does not mean that they shall be liberally construed in embracing or including others than those enumerated in the statutes. No one is entitled to the lien unless the statute includes him or them. They are not to be included by strained construction. Unless the statute gives the lien, the party has none.' "

Further, in the same opinion, the court said:

"In the case at bar the complainants 'improved' the property by putting on it flowers, shrubs, trees and by grading and probably graveling the grounds and walks, but they made no erections, structures, buildings, fixtures or machinery, unless the rustic bridge may be classed as such, and there is nothing to show how or out of what it was constructed, and it was plainly but a part of the grading and finishing the walks and drives, and an item of but little importance, as it is not separately priced and enters into other items valued at twelve hundred dollars. If we should hold that a mechanic's lien exists for such work as this and such material and such improvements, we must also hold, as a logical sequence, that the person, who, under the contract, fells the forest trees and turns the soil and puts the land in cultivation, and thus permanently improves it, has a lien for such services and we must also hold that the dealer who furnishes the fertilizer to improve the ground also has a lien, and that the laborer who undertakes to do clearing, ditching and grubbing has a lien. Indeed, we can draw the line nowhere if it would include anyone who does any labor or furnishes any materials to permanently improve

the land at any time. We think the statute refers to erections, structures, fixtures, machinery, and buildings—things constructed upon the land—and not to the enriching of the soil and beautifying the grounds by planting flowers, shrubs and trees on it."

As it appears that the alleged improvement did not come within the terms of the statute creating the lien, it is unnecessary to discuss further the infirmities of the notice of lien which have been heretofore pointed out.

For the reasons stated, the decree should be reversed and the cause remanded with directions that the bill of complaint be dismissed.

It is so ordered.

Reversed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.