AMERICAN WELDING & TANK COMPANY v. DESOTO BREWING COMPANY.

175 So. 803.
Opinion Filed July 31, 1937.

*J. Tom Watson,* for Plaintiff in Error;

*Mabry, Reaves, Carlton & White, Morris E. White* and *William E. Thompson,* for Defendant in Error.

BUFORD, J.—The appeal is from an order quashing service and dismissing petition filed under the provisions of Subsection 5 of Section 3519 R. G. S., 5382 C. G. L., to enforce a lien claimed under the provisions of Section 3517 R. G. S., 5380 C. G. L., as created upon personal property by Sections 3502 R. G. S., 5363 C. G. L.; 5308 R. G. S., 5369 C. G. L.; 3510 R. G. S., 5371 C. G. L., and as created upon real property by Section 3496 R. G. S., 5350 C. G. L.

The petitioner alleged in effect that it had manufactured and installed certain tanks for DeSoto Brewing Company, a corporation, for a contract price of $8,599.00; that it had delivered and installed all of the tanks except two which it had held subject to the orders of the respondent, the value of which was $580.00. It alleged that the balance due on the purchase price was $2,816.21. It then alleged:

"(5) Petitioner alleges that the tanks for which said sum of money described in the preceding paragraph is due and owing, when and as they were installed in the brewery building aforesaid, constitute labor upon, work, construction, and additions to, the building situated on the real estate aforesaid, or to fixtures in or on said building, and upon the land upon which said building stands, with the exception of the two tanks in the actual possession of your petitioner, and above described; which work, construction,

labor upon and additions this petitioner performed in the manufacture thereof, and in the placing of same in, on and upon the building aforesaid. Wherefore, petitioner claims a lien upon the real estate upon which the said building is situated, and heretofore described, for the balance of the purchase price aforesaid, of prior dignity to all other liens accruing against the said real estate and building subsequent to the time your petitioner's work in the placing of said tanks in, on and upon said building actually begun, which time your petitioner says was prior to August 1st, 1934, and subsequent to July 25, 1934.

"(6) Petitioner further shows that it performed labor upon the tanks aforesaid, the same being apparatus and fixtures, by manufacturing said tanks and painting said tanks, and delivering to the DeSoto Brewing Plant (all except two), and installing same there, and that the balance aforesaid due and owing on the purchase price of said tanks represents the unpaid costs of petitioner's said labor, as agreed to be paid therefor by the said DeSoto Brewing Company; and petitioner claims a lien on the two tanks aforesaid in its possession and the remaining thirty-two (32) tanks aforesaid in the possession of the said DeSoto Brewing Company for this balance, of prior dignity to all other liens accruing against said tanks from the time that each of said tanks were actually manufactured by your petitioner, which time your petitioner alleges was between June 25, 1934, and September 24, 1934, approximately these dates.

"(7) Petitioner further shows with respect to the liens heretofore described that all of the tanks referred to with the exception of the two pointed out, are now affixed to the building, being used by the DeSoto Brewing Company as a brewery, detachable from said building, constituting a part of the fixtures thereto, and apparatus employed in the man-

ufacture of beer, on the premises and real estate aforesaid, upon which said building is situated, which said real estate, premises, building and all fixtures and apparatus thereof not under retain title belong to, and are the property of said defendant."

Answer embracing counterclaim was filed by the defendant. This, however, is not material because before taking testimony the court entered its order quashing the summons and dismissing the petition and releasing and discharging the real estate involved from *lis pendens* filed.

The petition failed to allege sufficient facts to show that the petitioner was entitled to a lien upon the real estate covered by the building in which the tanks were placed. See Goldsmith v. Orange Belt Securities Co., 115 Fla. 683, 156 Sou. 3. Also see Ramsey v. Hawkins, 78 Fla. 189, 82 Sou. 823.

We hold, however, that the petition does allege sufficient facts to show the existence of a lien on the personal property delivered by the petitioner to the respondent to secure the balance due of the agreed contract price of the personal property so furnished and delivered.

We hold that the personal property described is within the purview of Section 3508 R. G. S., 5369 C. G. L., because the tanks referred to were articles manufactured by the petitioner and delivered to the defendant.

The petitioner, being the lien claimant, was in privity with the owner and, therefore, there is no question here presented involving notice of lien.

We are advised by petition to dismiss that in bankruptcy proceedings the tanks involved have been sold clear of all liens but with a stipulation that the proceeds of the sale would be deposited and held in a special account and that in the event that it is determined on this appeal that pe-

titioner was entitled to a lien on such tanks such liens shall follows the proceeds of the sale and be impressed thereon.

The judgment should be affirmed in so far as it applies to the non-existence of lien on the real property involved; it should be reversed in so far as it applies to a non-lien on the personal property involved and the cause should be remanded with leave to the court below to enter such decree as may be in harmony with the views herein expressed and in line with the stipulation entered into between counsel and representatives of the respective parties that the lien attaching to the tanks involved should follow the proceeds of the sale of such tanks and be impressed thereon.

It is so ordered.

TERRELL, BROWN and CHAPMAN, J. J., concur.