145 So.2d 238 (1962)
Sol FELL and Frances Fell, His Wife Appellants,
v.
Benjamin MESSEROFF and Gussie Messeroff, His Wife; Royal Flagg Jonas and Barbara Jonas, His Wife; Alexander Fred Jonas and Henrietta Jonas, His Wife; Joseph Weinstock; Stephen F. Kessler; Delta Products, Inc.; Coleman Concrete, Inc.; Frank A. Cardelli and Stolpmann Plumbing Co., Appellees.
No. 62-35.
District Court of Appeal of Florida. Third District.
September 25, 1962.
Rehearing Denied October 11, 1962.
Mark Silverstein, Miami Beach, for appellants.
Thomas A. Testa, Miami, and Frank A. Cardelli, for appellees.
Before PEARSON, TILLMAN, C.J., and HORTON and BARKDULL, JJ.
PEARSON, TILLMAN, Chief Judge.
Appellants were owners of certain real property upon which they gave a ninety-nine year lease. The lessee erected an apartment house upon the land and ordered wall-to-wall carpeting which was supplied by defendant, Cardelli. When this supplier was not paid, he filed a claim of lien against the fee. The appellant-owners brought the instant action to cancel the lease and to extinguish the claims of lien of the carpet supplier and others. By summary final decree the chancellor cancelled the lease and extinguished the liens against the fee simple title of all but defendant, Cardelli. By a subsequent "Final Decree to Impress Lien" a lien against the real property was impressed in favor of Cardelli.
The owners appeal, and urge that (1) wall-to-wall carpeting is not an "improvement" to the fee within the meaning of § 84.01, Fla. Stat., F.S.A. and, therefore, no lien exists; (2) the lease agreement *239 did not contemplate the improvements involved and thus the fee cannot be charged. We find it necessary to reverse upon the basis that the Florida Mechanics' Lien Law does not provide a lien to the supplier of carpets. We do not pass upon the second point stated.
A mechanic's lien is entirely statutory in Florida, Sheffield-Briggs Steel Products, Inc. v. Ace Concrete Service Co., Fla. 1953, 63 So.2d 924; and unless the lien is expressly created by Chapter 84, Fla. Stat., F.S.A., it does not exist.
Section 84.02, Fla. Stat., F.S.A. provides that a contractor, subcontractor, materialman or laborer shall have a lien on real property improved.[1] We are not aware of a case in Florida, or in any other jurisdiction, deciding whether or not wall-to-wall carpeting is an improvement within the meaning of the Mechanics' Lien Law. In any event, the courts of this country have applied the same general tests to determine whether an article furnished is encompassed within the Mechanics' Lien Law as they have to determine in a particular case whether such article can be considered a fixture. [See the cases cited in footnotes 6, 7, and 8, 36 Am.Jur. Mechanics' Liens § 78 (1941)]. Thus, the right to a lien on the realty is conclusive when it has been determined that the article furnished has so become a part of the realty as to be a fixture.
Applicable cases are almost unanimous to the effect that carpeting is not a fixture. See annotation at 55 A.L.R.2d 1044. We conclude, therefore, that carpeting is not an improvement, and therefore no lien upon the real property is provided to its supplier by the Florida Mechanics' Lien Law. Compare American Welding & Tank Co. v. De Soto Brewing Co., 129 Fla. 89, 175 So. 803. The "Final Decree to Impress Lien" is reversed.
Reversed.
NOTES
[1] Section 84.01, Fla. Stat., F.S.A. is entitled "Definitions" and provides:

"In this chapter, unless the context or subject matter otherwise requires:
* * * * *
"`Improve' means build, erect, place, make, alter, remove, repair or demolish any improvement upon, connected with, or beneath the surface of any land, or excavate any land, or furnish materials for any of such purposes, or perform any labor or services upon such improvement; or perform any labor or services or furnish any materials in laying in the adjoining street or alley, any pipes, wires, curbs or sidewalks, or in grading, seeding, sodding or planting for landscaping purposes, or in equipping any such improvement with fixures or permanent apparatus.
"`Improvement' means any building, structure, erection, construction, demolition, excavation, landscaping, or any part thereof existing, built, erected, placed, made or done on land for its permanent benefit."