McGill, *et. al.* v. Art Stone Construction Co.—Syllabus.

---

ANNA M. McGILL AND F. J. McGILL, HER HUSBAND, *Appellants,* v. ART STONE CONSTRUCTION COMPANY, A CORPORATION, *Appellee.*

MARRIED WOMAN'S LAW—CHARGING SEPARATE PROPERTY OF IN EQUITY FOR BUILDING ERECTED WITH HER KNOWLEDGE.

Where the husband of a married woman enters into an agreement with building contractors for the erection, at an agreed price, of a building upon a lot that is the separate property of his wife, and the wife has knowledge of the erection of such building, and does not dissent thereto, but silently acquiesces in the erection thereof, such separate property of the wife may be charged in equity and sold for the collection of the agreed price of such building, if such agreed price is not unreasonable.

This case was decided by Division B.

Appeal from the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the court.

*H. F. Atkinson,* for Appellants;

*Mitchell D. Price,* for Appellees.

TAYLOR, J.—The corporate appellee, the Art Stone Construction Company, as complainant below filed its bill of complaint in equity against the appellants as defendants below in the Circuit Court of Dade County, alleging in substance that the defendant Anna M. McGill was the wife of the defendant F. J. McGill, and that she was the owner in fee of that certain lot of land situated in the city of Miami in said county of Dade described as being Lot Six (6) of Block Forty (40) North of the city of Miami. That on November 29th, 1905, the complainant entered into a written contract with the defendant F. J. McGill, who acted in said transaction as the agent and representative of his wife the said Anna M. McGill, although he did not at the time reveal his agency to complainant, whereby complainant agreed and undertook to perform and finish in accordance with plans and specifications submitted to it all work necessary to the erection of the concrete stone work in a building to be erected by the defendant F. J. McGill upon said described lot of his wife Anna M McGill, which said work included the furnishing of artificial stone and the labor and material necessary in erecting said walls. That in accordance with said contract complainant, who was then and there in the business of furnishing material and performing labor in the erection of artificial stone buildings, furnished said stone to the said F. J. McGill, who was then and there silently acting as aforesaid as agent for the said Anna M. McGill, and also furnished said labor and erected said walls upon the property above described and in all things complied with the obligations of said contract by it to be performed. That the total contract price for which said

work was done was $865 according to the terms of said contract. That in addition to the work called for and specified in said contract the defendant F. J. McGill acting as aforesaid as agent for his wife the said Anna M. McGill, and with her full knowledge and consent requested complainant to perform divers enumerated items of extra work, and that such extra work performed by complainant amounted, together with the extra material for same furnished, to the sum of $116.80. That $400 has been paid by the said F. J. McGill while acting as agent for his said wife as aforesaid and that there remains due to complainant and unpaid for the work and material so furnished as aforesaid the sum of $581.80, which sum is now past due and unpaid. That said contract was made by F. J. McGill personally without disclosing his agency for the said Anna M. McGill his wife, although she well knew that he was acting as her agent in the premises, and that he was buying the material and having the building erected upon said premises in accordance with said contract, and in every way ratifying the actions of her said agent by passively submitting to the erection of said building and by allowing the complainant with her full knowledge and consent to haul material upon said premises and to erect the building which is now situate thereon. That said F. J. McGill is insolvent and has no property whatever in his own name known to complainant. The bill prays for an accounting of what is due to complainant for work, labor and material for same upon said building under the terms of said contract therefor and for extra work and material outside of said contract, and for a decree for the amount found to be due, and that the same may be enforced by a sale of said property, or by the sequestration of the rents, issues and profits thereof. The bill also prays for subpoena, and for general relief.

VOL. 57, JANUARY TERM, 1909.    501

McGill, *et. al.* v. Art Stone Construction Co.—Opinion of Court.

The defendants demurred to the bill, but such demurrer was overruled, whereupon the defendants jointly answered the bill in substance as follows: They admit that Anna M. McGill is the owner in fee of the said described lot, and they admit the alleged contract between F. J. McGill and complainant but deny that in executing same or at any time during the construction of said building the said F. J. McGill was acting as the agent and representative of Anna M. McGill. They deny that the complainant in all things complied with the terms of said contract, or that the defendants or either of them ever became indebted to complainant in the sum of $865, and deny that the complainant did the extra work as alleged, or that defendants or either of them requested any such extra work to be done. The answer alleges divers particulars in which complainant has failed to comply with its contract, and alleges divers items of defective work and material done and supplied by complainant, and alleges delay by complainant in completion of the work within the time limited by the contract, and expense to which defendants were put by such delay, in consequence of all which the defendants, the answer alleges, were damaged in the sum of $415, which they offer to set off against any amount that may be found to be due by them to complainant. They deny that any sum is due to complainant for said work and material.

The cause was referred to a master who took and reported a large volume of evidence, and upon the final hearing on bill, answer and the evidence reported the court rendered a final decree adjudging the sum of $501.15 to be due the complainant for principal and interest and the further sum of $161.91 for costs in the case, and decreeing that said amounts shall be paid into the office of the Clerk of said Circuit Court for the bene-

McGill, *et. al.* v. Art Stone Construction Co.—Opinion of Court.

fit of the complainant within thirty days from the date of the decree, and in default thereof that the said described lot of land being the separate property of the defendant Anna M. McGill be charged in equity for the payment of said sums, and shall be sold by a regular master of the court after due advertisement to satisfy the same. For review of this decree the defendants have brought the case here by appeal, and assign as error the overruling of their demurrer to the bill and the rendition of said decree.

The order overruling the defendants' demurrer to the bill was proper. The second section of Article XI of our constitution provides among other things that: "A married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated * * * for labor and material used with her knowledge or assent in the construction of buildings, or repairs, or improvements upon her property."

The bill in this case makes out a complete case for equitable interposition under this provision of our organic law, and under its allegations there was no other forum to which the complainant could properly have resorted for the relief sought. Smith v. Gauby, 43 Fla. 142, 30 South. Rep. 683; Micou v. McDonald, 55 Fla. 776, 46 South. Rep. 291.

A great volume of testimony was taken and reported to the court, much of it conflicting, but after a careful review of all of it, we think that the court below in the final decree made has done substantial justice and equity between the parties, and the decree appealed from is, therefore, hereby affirmed at the cost of the appellants.

HOCKER and PARKHILL, JJ., concur; ·

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.