ERVIN F. PARKER, *Appellant*, v. JOHN W. GAMBLE AND WIFE, MILDRED MACKEY GAMBLE, and FLORIDA MUTUAL BUILDING AND LOAN ASSOCIATION, *Appellees.*

Division B.

Opinion filed July 30, 1928.

344

*Spear & Viney*, for Appellant.

*W. F. Way* and *Charles A. Bainum*, for Appellees.

WHITFIELD, P. J.—This appeal is from a decree giving priority to a mortgage over a material man and laborer's lien.

The mortgage on the land being an estate by entireties was recorded February 24, 1926, and the notice of lien for material and labor was filed May 27, 1927. As the lien for labor and material did not exist under the applicable statute until the filing of the notice, the mortgage was properly held to have priority.

The statute is as follows: "An Act to provide for the subjecting of estates by entireties in equity, for the value of labor performed and materials furnished in the construction, alteration or repair of buildings thereof; providing for the filing of a notice of lien against such estates; and providing for the effect of the filing of such notices and the form thereof and limiting the time within which such notice of lien may be filed and suit in equity instituted.

*Be it enacted by the Legislature of the State of Florida:*

Section 1. That from and after the passage of this Act, any person, persons or corporation performing labor upon or furnishing any materials or to be used upon property

owned by husband and wife as an estate by entireties, in the construction, alteration or repair of buildings or improvements upon said property where such labor is performed or materials furnished with the knowledge or assent of said husband and wife, or under a contract in writing with them, shall be entitled to subject said property in equity for the value of such labor or materials and may at any time after the performance of the labor or furnishing of the materials, or after the making of a contract in writing therefor, file in the office of the clerk of the circuit court of the county in which the property is located, and have recorded in the Record of Liens required to be kept by said clerk, a notice of the performance of such labor or of the furnishing of such materials, or of the contract therefor—the form of notice being hereinafter provided—and from the date of the filing of such notice the rights of all performing labor or furnishing materials, or purchasers or creditors of such owner shall be subject and subordinate to the claim set out in said notice.

Section 2. The notice provided for in Section 1 of this Act shall be substantially as follows: It shall be in writing and shall be sworn to by the person filing the same, or his agent. It shall state the name of the owners of said property, the nature and character of the labor performed or to be performed, or the materials furnished or to be furnished and the value thereof, and shall also contain a description of the property upon which the labor has been or is to be performed or the materials have been or are to be furnished.

Section 3. The notice of lien herein provided for may be filed prior to the filing of the bill of complaint and must be filed within three months after the entire performance of the labor or the entire furnishing of the materials. Provided that nothing herein shall prevent the filing of such

notice at any time after a contract has been entered into therefor and suit in equity to enforce the rights of parties performing labor or furnishing materials as provided for hereunder must be brought within twelve months from the filing of the said notice of lien.

Section 4. All Acts or parts of Acts in conflict with the provisions hereof are hereby repealed. Chapter 9296, Acts 1923, sections 5360-5362 Compiled General Laws 1927.

As the above statute regulates the material man's and laborer's lien that may be acquired upon land held by husband and wife as tenants by entireties, its provisions are controlling and are not modified or supplemented by other statutes authorizing liens to be acquired where the lands are not held as estates by entireties.

The provision of the statute that ''from the date of the filing of such notice the rights of all performing labor or furnishing materials, or purchasers or creditors of such owner shall be subject and subordinate to the claim set out in said notice,'' causes the lien to arise only when the required notice is duly filed, the statute containing no provision that the lien shall be acquired ''by the performance of the labor or the furnishing of the materials'' as in section 3517 Rev. Gen. Stats. 1920, sec. 5380 Compiled General Laws 1927. In Carter v. Gearty, 90 Fla. 170, 105 So. R. 329 the cause of action was prior to the enactment of Ch. 9296 *supra*.

Affirmed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J. AND STRUM AND BROWN, J. J., concur in the opinion and judgment.