Allardice & Allardice, Inc., a Corporation, *Appellant,* v. Charles J. Weatherlow, Ruth C. Weatherlow, his wife, Cooper-Atha-Barr Real Estate and Mortgage Company, a Corporation, and Henry Barthelman, *Appellees.*

Division A.

Opinion filed September 25, 1929.

476

*H. F. Mohr,* for Appellant;

*Dickinson & Dickinson,* for Appellees.

BROWN, J.—The right to enforce a lien for labor performed or material furnished against an estate by entireties is purely statutory, and a bill to enforce such a lien is demurrable when it fails to allege that the labor was performed or the materials were furnished with the *knowledge* or *assent* of *husband and wife,* or under a *written contract* with them, as required by the statute governing the subject. Chapter 9296, Laws of 1923; Sections 5360-5362, Comp. Gen. Laws; Ferdon v. Hendry Lumber Co., 120 So. R. 334; Parker v. Gamble, 118 So. R. 21, 96 Fla. 343.

Neither the husband nor the wife, acting separately, can create a lien upon such an estate. Ferris-Lee Lumber Co. v. Fulghum, decided at the present term; Ohio Butterine Co. v. Hargrave, 79 Fla. 458, 84 So. R. 376. In the latter case, decided before the cited statute was adopted, it was

held that, "From the peculiar nature of such an estate, and from the legal relation of the parties, there must be unity of estate, unity of possession, unity of control and unity in conveying and encumbering it;" and that "the estate is placed beyond the exclusive control of either of the parties."

The statute (Section 5867, Comp. Gen. Laws) which provides that "the property of the wife shall remain in the care and management of the husband" does not operate to give the husband, acting alone, the right or authority to encumber an estate by entireties. In order to subject such an estate to a mechanic's or materialman's lien, the wife, as well as the husband, must participate in incurring the liability, either affirmatively, by the execution of a written contract, or negatively, by allowing the labor to be performed or the materials furnished with their knowledge or assent, as provided by the statute first above cited. But whether the obligation be incurred by either or both of these methods, both spouses must participate. If the party who performs the labor or furnishes the material and who seeks to establish a lien therefor relies upon a written contract, he must both allege and prove its execution by both the husband and the wife; if he relies upon the negative method, he must show in his pleadings and proof that the labor was performed or the material furnished with the knowledge or assent of both the husband and the wife; and in either case, he must of course allege and prove the filing and recording of the notice of lien as required by the statute. He cannot lay the basis for the establishment of his lien on the community property by setting up a written contract executed by the husband alone and by showing as to the wife mere knowledge or assent on her part to the doing of the work and the furnishing of the material. The statute by its language, does not contemplate this proce-

dure, nor is it in accord with the principle of unity of estate and unity of control enunciated in the Hargrave case. Neither spouse, acting alone, can encumber the community property; hence the written contract of the husband alone is not effective to create such encumbrance, nor is the knowledge or the acquiescence of the wife in the furnishing of labor or material alone effective to the accomplishment of such purpose.

In the instant case, the bill was filed by a contracting corporation against the husband and the wife, seeking to subject their real property held as an estate by entireties to a lien for labor performed and material furnished in the construction of a building upon such property. The bill alleged that the labor and material were furnished upon an agreement between the complainant and both the husband and wife. The answer denied this allegation. The evidence showed that while both husband and wife participated in the preliminary negotiations, the written contract was entered into between the contractor and the husband alone. It was in the form of a written proposal by the building firm to Charles J. Weatherlow and a written acceptance signed by him. The wife was undoubtedly cognizant of all that was going on, and we think the evidence affords a fair inference that the work on the building was done and the materials furnished with her knowledge or assent, or both. Yet the fact remains that the complainant saw fit to take a written contract solely with the husband. The good faith of the builders is not questioned. The contract was to furnish the necessary labor and material to construct the building according to the agreed specifications, to the cost of which 10 per cent was to be added as compensation to the builders, the total not to exceed $12,500.00. The total cost including the 10 per cent commission was about $11,250.00, $1,250.00 less than the

maximum limit. $10,000 was paid, and the bill was filed to enforce a lien for the balance due of approximately $1,250.00. Furthermore, after the contract was made, the wife joined the husband in placing a mortgage on the property for $10,000.00 to aid in paying for the construction.

Under the circumstances as disclosed by the pleadings and evidence, the denial of the relief prayed for by the complainant, as was done by the final decree, undoubtedly appears to work a hardship. But the complainant saw fit to base its prayer for relief upon the allegation of a contract with the husband and the wife, whereas its proof showed a contract with the husband only.

On this point, it is contended that under the statute above referred to the husband is given the custody and management of the wife's separate property and is therefore her agent and that his contract with reference thereto is binding upon the wife; and that upon analogy the contract of the husband in this case is binding upon the wife. The case, McGill v. Art Stone Construction Company, 57 Fla. 498, 49 So. R. 539, is cited by appellant in this connection. In that case it was held that when the husband of a married woman enters into an agreement with building contractors for the erection at an agreed price of a building upon a lot owned by the wife as her separate property, and the wife has knowledge of the erection of such building, and does not dissent thereto, but silently acquiesces in the erection thereof, such separate property of the wife may under our constitutional provision be charged in equity and sold for the collection of the agreed price if the price is not unreasonable.

But, as above pointed out, the wife's interest in an estate by entireties does not constitute a part of her separate estate. It is a peculiar estate, and the unity of estate and of control is vested in both the husband and the wife in

such sort that the rule enunciated in the McGill case cannot be applied. Furthermore, the statute governing this particular subject shows that the legislature intended that both spouses should enter into and execute the contract where that is made the basis for the attempt to establish a mechanic's or materialman's lien thereon. The bill in this case nowhere alleges that the labor was performed or the material furnished with the knowledge or assent of the husband and wife. It is argued that this deficiency is supplied by reason of the language of the notice of lien, which the bill alleges was filed and recorded, which notice is attached to the bill and made a part thereof. This notice contains a statement to the effect that the labor and materials were furnished "at the instance and request of Charles J. Weatherlow and Ruth C. Weatherlow." If the words "instance and request" are synonymous with "knowledge or assent," which we do not decide, the rule is that, although an exhibit may contain pertinent evidentiary facts, it does not dispense with the necessity of alleging in the bill those matters which are essential to a cause of action. Stevens v. Ind. Fertilizer Co., 73 Fla. 1050, 75 So. R. 539.

It is further contended that the rule is that where a pleading alleges a contract by the principal the allegation will be sufficiently sustained where the proof shows that the contract was executed by an authorized agent of the principal, even though the name of the principal was not disclosed. But this general rule cannot be applied to the execution of a contract essential to the creation of a purely statutory lien where the statute giving the lien expressly provides a contrary rule. Nor does the evidence show that Mrs. Weatherlow ever authorized her husband to make the contract in her behalf; nor does the contract purport to have been made in behalf of anyone but the husband. For

like reasons the argument that this deficiency in the contract was cured by reason of the subsequent implied ratification by the wife, in allowing the work to go on and receiving the benefit of it, must be rejected as insufficient.

The principle of estoppel is also invoked; that the wife's knowledge of and acquiescence in the work being done estops her from denying that the contract was also her contract. If this argument be admitted, it opens the door for the establishment of this statutory lien upon a basis quite different from that required by the statute itself. Under the statute, as we have seen, a party seeking to, establish a lien for labor or materials upon an estate of this peculiar nature, if he relies upon a written contract as the basis for it, has the burden imposed upon him to both allege and prove that both spouses entered into the contract. It is not a question of estoppel; it is a question of what, under the statute, is necessary to the creation of a lien upon this particular class of property, and those things which the statute specifically requires as essential to the creation and establishment of the lien must be alleged and proven by him who seeks the enforcement of such lien in the courts.

The final decree appealed from, which found in favor of the defendants and dismissed complainant's bill, must, therefore, be affirmed, with this modification, that is, that said decree be amended so as to provide that said bill be dismissed without prejudice.

Final decree modified and affirmed.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.