Terrell, C. J.
 

 The petitioner and his wife, Nora Fagg, were divorced in April, 1925, at which time the petitioner made a property settlement on the said Nora Fagg. In
 
 *1416
 
 March, 1928, the petitioner was, by order of the chancellor below, required to pay Nora Fagg seventy-five dollars per month for the support of their minor child, John Fagg, the custody of whom was given to his mother. In June, 1930, the custody of John Fagg was awarded to petitioner for the purpose of sending him to school at Riverside Military Academy at Gainesville, Georgia. In August, 1930, on petition of Nora Fagg, the petitioner was ordered to pay said Nora Fagg the sum of eighty dollars to pay her expenses to visit the said John Fagg at Gainesville, Georgia, which order petitioner refused to obey and he was. forthwith adjudged to be in contempt and ordered to jail in Palm Beach County until the eighty dollars was paid- as ordered. From this order in contempt petitioner seeks to be discharged by
 
 habeas corpus.
 
 The return to the writ of
 
 habeas corpus
 
 shows that the petitioner is held in custody by the sheriff of Palm Beach County by virtue of the said contempt order.
 

 We do not think there is proper basis in the record for the order awarding Nora Fagg the sum of eighty dollars for expenses to visit John Fagg at Gainesville, Georgia. She was divorced from the petitioner and had no claim on him except for support of their minor child, John, who was in school at the expense of petitioner. On the' record before us we fail to see how such an award could be construed as support, nurture, protection, or as contributing to the education of the child who had only recently left home for school.
 

 The decree awarding the sum of eighty dollars to Nora Fagg as expenses to visit her son, John, at Gainesville, Georgia, being without legal warrant the contempt order for refusing to obey said decree was also devoid of legal predicate so both decrees are reversed and the petitioner ordered discharged.
 

 
 *1417
 
 Ellis and Brown, J. J., concur.
 

 Whitfield, P. J., and Strum and Buford, J. J., concur in the opinion and judgment.