PERFECTO VELAZQUEZ v. LUCIANO SUAREZ, *et al.*

152 So. 708.
Division B.
Opinion Filed February 5, 1934.

*Joseph G. Spicola* and *Allan C. Ramsey,* for Appellant;
*Caraballo, Graham & Cosio,* for Appellees.

BUFORD, J.—Suit was filed after attempted notice of lien to foreclose a materialman's lien. The notice was in the following language:

To LUCIANO SUAREZ AND MATILDE SUAREZ, OWNERS AND ALL PERSONS WHOM IT MAY CONCERN:

"Notice is hereby given that Luciano Suarez and Matilde Suarez, owners of the hereinafter described real estate, are indebted to Perfecto Velazquez in the sum of eight hundred and no/100 dollars ($800.00) for labor and materials furnished to said owners and used by them in the construction of certain buildings on the following described real estate situate, lying and being in Hillsborough County, Florida, to-wit:

"Lot three and one-half (3½) of Stachelberg's Subdivision, being a subdivision of Block 107 of plan of an addition to Ybor City, according to map or plat thereof re-

corded in plat book 5 on page 25 of the public records of Hillsborough County, Florida, and the said Perfecto Velazquez holds and intends to claim a lien on said described real estate for labor and materials furnished by him beginning November 5th, A. D. 1931, of which purchasers and creditors will take notice.

"In WITNESS WHEREOF, Allen C. Ramsey, Agent for Perfecto Velazquez, has executed this notice.

"ALLAN C. RAMSEY,
"Agent for Perfecto Velazquez.
"Signed Sealed and Delivered
"IN THE PRESENCE OF:
"MARJORIE MAYS,
"VIRGINIA SEPESY."

The notice was verified by oath.

The bill was amended, but the amendment is immaterial here.

The property involved was an estate by the entireties. Sections 5360 and 5361 C. G. L., being Sections 1 and 2 of Chapter 9296, Acts of 1923, are as follows:

"*Labor and material liens upon estates by entireties.*— Any person, persons or corporation performing labor upon or furnishing any materials used or to be used upon property owned by husband and wife as an estate by entireties, in the construction, alteration or repair of buildings or improvements upon said property where such labor is performed or materials furnished with the knowledge or assent of said husband and wife, or under a contract in writing with them, shall be entitled to subject said property in equity for the value of such labor or materials and may at any time after the performance of the labor or furnishing of the materials, or after the making of a contract in writing therefor, file in the office of the clerk of the circuit court

of the county in which the property is located, and have recorded in the record of liens required to be kept by said clerk, a notice of the performance of such labor or of the furnishing of such materials, or of the contract therefor—the form of notice being hereinafter provided—and from the date of the filing of such notice the rights of all performing labor or furnishing materials, or purchasers or creditors of such owner shall be subject and subordinate to the claim set out in said notice.

"*Notice; form and contents.*—The notice provided for in Section 5360 shall be substantially as follows: It shall be in writing and shall be sworn to by the person filing the same, or his agent. It shall state the name of the owners of said property, the nature and character of labor performed or to be performed, or the materials furnished or to be furnished and the value thereof, and shall also contain a description of the property upon which the labor has been performed or the materials have been or are to be furnished."

It will be observed that the notice of lien filed in this case does not state the nature and character of the labor performed, nor the nature and character of the materials furnished, nor the value of either.

The remedy against an estate by the entireties to impress and enforce a lien for labor and materials furnished in the improvement of such property is purely statutory and the statute must be strictly complied with. See Parker v. Gamble, 96 Fla. 343, 118 Sou. 21; Logan-Moor Lbr. Co. v. Legato, 100 Fla. 1451, 131 Sou. 381; Allardice & Allardice, Inc., v. Weatherlow, 98 Fla. 475, 124 Sou. 38.

The bill of complaint as amended does not state the nature and character of the labor performed nor the nature and character of the materials furnished, nor does it allege that such labor was performed and materials furnished

under a written contract, but does allege that the labor and materials were furnished under a verbal agreement.

For the reasons stated, and on authority of the opinions and judgments in the cases above cited, the order appealed from should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.