RIECK & FLEECE, INC., v. THOMAS C. CUNNIFF, et al.

190 So. 8
Division A
Opinion Filed June 23, 1939

*Allen C. Grazier* and *Charles F. Preece,* for Appellant;
No appearance for Appellees.

Buford, J.—The appeal brings for review order dismissing bill of complaint. The bill of complaint was filed on the 22nd day of September, 1936. The purpose of the bill was to enforce an alleged lien on certain lands for building materials and supplies furnished by the complainant to the defendants for the improvement of such lands.

It was alleged that complainant began to furnish the materials on April 15, 1935, and' continued to furnish same until the 24th day of July, 1935.

The bill of complaint, therefore, shows upon its face that the suit was instituted more than twelve months after the furnishing of the materials.

Chapter 17097, Acts of 1935, is not applicable to this suit, because Section 30 of that Act provides:

"Section 30. Act governs liens on future contracts only. This Act shall apply to such liens only as arise under direct contracts under which visible commencement of operations takes' place after the date when this Act becomes effective. Neither Section 37 nor any other provision of this Act shall apply to liens arising under earlier contracts."

According to the allegations of the bill of complaint the complainant acquired a lien under Section 3496, R. G. S., 5350 C. G. L., which lien was subject to enforcement by foreclosure in equity under the provisions of Section 3519 R. G. S., 5382 C. G. L.

The bill of complaint shows that the complaining materialman claimed the lien because of furnishing materials under a direct contract with the defendant-owners. Therefore, unless the property was held as an estate by the entireties, no notice of lien was required to be filed to acquire or enforce the lien against the owners.

Section 3530 R. G. S., 5393 C. G. L., provides as follows:

"When there has been no record of a notice of lien, suit to enforce lien (if it exists without such record) must be

brought within twelve months from the performance of the work or the furnishing of the materials, and if there has been such record, the suit must be brought within twelve months from the time of such record."

The bill of complaint shows, however, that it was instituted against the defendants Thomas A. Cunniff and Gertrude A. Cunniff, his wife, and alleges that *they* are the record title owners of the property. This allegation, taken more strongly against the pleader, shows that the property was held by these two defendants as an estate by the entireties; and, therefore, a notice of lien sufficient to extend the time in which suit could be instituted under the statute beyond one year from the date of the last furnishing of material was required to comply with the provisions of Sec. 2 of Chapter 9296, Acts of 1923, being Sec. 5361 C. G. L. That section provides that a notice to be effectual "shall be in writing and shall be sworn to by the person filing the same, or his agent. It shall state the name of the owners of the said property, the nature and character of the labor performed or to be performed, or the materials furnished or to be furnished and the value thereof, and shall also contain a description of the property upon which the labor has been or is to be performed or the materials have been or are to be furnished."

The notice of lien in the instant case failed to meet the requirements of the statute in that it did not state the names of the owners of the property; it did not sufficiently describe the materials furnished; it did not state the value of the materials furnished.

"Remedy to impress and enforce materialman's lien against estate by entireties is purely statutory, and statute must be strictly complied with (Comp. Gen. Laws 1927, Secs. 5360, 5361)." Velazquez v. Suarez, *et al.*, 113 Fla. 856, 152 Sou. 708. Notice of lien stating the names of the

owners of the property, but not alleging them to be the owners, does not comply with the statute. See Goldsmith v. Orange Belt Securities, 115 Fla. 683, 156 Sou. 3.

It, therefore, follows that the order appealed from must be affirmed. It is so ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.