TERRELL, Justice.
The ‘ bill of complaint in this cause was filed July 7, 1952. It alleged that appellees employed appellant to demolish a building-situated on certain property which he had purchased from another and to remove the lumber and salvage material to a lot owned by appellees by the entire-ties for use in constructing a residence and improving the real estate. It further alleged that complainant furnished labor and services to the value of $1,246.18 in demolishing and removing said building to the lot of appellees, the last item of which was furnished November 28, 1951. It -is shown that complainant filed notice June 24, 1952, and claimed a lien on the property, to which the salvage material was delivered and upon which it was used in improving the real estate.- The bill prayed that the court determine the amount due complainant and in default of payment the property be sold to satisfy the claim. A motion to dismiss the bill of complaint was granted with prejudice and complainant appealed. ;
The point for determination is whether or not the bill of complaint shows such com *33 pliance with the Mechanics’ Lien Law as to establish a valid lien against the property-on which the salvage material was placed that appellant may foreclose in equity.
It is shown by the complaint that the contract to demolish the house and move the salvage material was entered into by the parties, that appellant was a contractor within the contemplation of Chapter 84.01 et seq., Florida Statutes 1941, F.S.A., that the salvage material “was used by defendants in improving the real property” which property was owned by appellees as an estate by the entireties. The point of cleavage is whether or not appellant was required to file his claim of lien within 90 days after completion of the contract and serve it on the wife in order to preserve his lien.
The answer to the question turns on the interpretation of the applicable statutes. Appellees contend that appellant contracted with the husband pursuant to section 84.12, F.S.A.1941, and could have acquired a valid lien only by giving the notice to the wife, required by Section 84.16, F.S.A. 1941, and failing in this, he forfeited his right to a lien. Rieck & Fleece, Inc. v. Cunniff, 138 Fla. 742, 190 So. 8; Velazquez v. Suarez, 113 Fla. 856, 152 So. 708; Logan Moore Lumber Co. v. Legato, 100 Fla. 1415, 131 So. 381; Allardice & Allardice, Inc. v. Weatherlow, 98 Fla. 475, 124 So. 38; Parker v. Gamble, 96 Fla. 343, 118 So. 21, are relied on to support this contention.
Appellant contends on the other hand that section 84.12, F.S.A., makes the husband agent of the wife and that as between the owner of the property and the lienor, the lien persisted for a period of one year without filing or serving notice of the lien and that being her agent, the wife was bound by his action. Appellant further contends that since Parker v. Gamble, supra, the acquisition of á lien on an estate by the entireties is not dependent on giving the wife notice, but that it accrues when the service is performed.
It appears that Chapter 17,097, Acts of 1935, now section 84.01 et seq., Acts of 1941, liberalized the remedies in favor of lienors and afforded them relief in cases where it had been previously denied. It is quite true .that section 84.16, F.S.A., being a part of the late act provides that a claim of lien may be filed not later than three months after the labor is furnished, but persons contracting directly with the owner are in terms exempted by section 84.04(1) (a) from filing said notice. The late act, in other words, omitted any requirement on a contractor dealing directly with the owner to give the wife notice.
In Hendry Lumber Co. v. Bryant, 138 Fla. 485, 189 So. 710, this court held that the Mechanics’ Lien Law;, Chapter 84.01 et seq., F.S.A., should .be liberally construed to afford laborers and material-men the greatest protection compatible with equity and justice. In the case át bar appellant furnished his labor, services and equipment at the owner’s request and brought himself in the category of a contractor as defined by section 84.01, F.S.A. His services were essential to the construction of the residence and he had twelve months within which tó enforce his claim. Any other interpretation would defeat the purpose of the statute and do appellant a great injustice.
The order appealed from is therefore re-' versed.
Reversed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.