SMITH, Judge.
In this appeal from a summary final judgment appellant Charles Jetter Eichman contends that the trial court was in error in its ruling permitting partition of real property owned by appellant and his wife as a tenancy by the entireties. We affirm.
A brief recital of background facts will disclose the rather bizarre circumstances under which this litigation arose. The appellant, Charles Jetter Eichman, and his wife, Cora Patón Eichman, were married on August 12, 1965. In 1968 the parties purchased a home in Tallahassee, Florida, taking title in their joint names as husband and wife, thus creating a tenancy by the entireties. In 1971 the parties separated, at which time the wife moved to Vancouver, British Columbia, Canada, and the appellant husband continued to live in the marital home. In January, 1975, the wife filed a petition for divorce in British Columbia, Canada. Appellant filed his answer to the divorce petition. However, on March 31, 1975 appellant struck his wife on the head with a pipe, causing injuries which rendered her incapable of managing herself or her affairs, bringing an end to the divorce proceeding, and requiring her to be institutionalized. In May 1975 appellant was convicted by the Supreme Court of British Columbia of unlawfully attempting to commit murder of his wife and was sentenced to a prison term of ten years.
The appellee herein, Alexander Patón, brother of Cora Patón Eichman, was appointed guardian of her person and property by a Canadian court. In June 1978 an order was entered by the Circuit Court in Leon County, Florida authorizing appellee to manage and protect the property of his ward, appellant’s wife, located in Florida. Appellee filed an action seeking partition of the marital property held by appellant and Cora Patón Eichman which was defended by appellant on the ground that an estate by the entirety is not subject to partition during the continuance of the marriage of the parties.
In granting the petition for partition, the trial court reasoned that any semblance of a meaningful marriage relationship was destroyed by the criminal assault inflicted upon his wife by appellant; that it was this act of the appellant husband that caused the termination of the wife’s divorce action, which otherwise would have proceeded to a conclusion and made it possible to partition the property; and that to deny the relief sought in behalf of the wife under these circumstances would permit the appellant husband to gain or benefit from his own wrong. Further, the trial court stated (final summary judgment):
By frustrating the divorce litigation, the parties remained tenants by the entirety with the right on the part of the husband to inherit the entire property in the event of his wife’s death and further with the right on his part to occupy and use the property after being released from prison.
Under the peculiar circumstances of this ease, this Court is of the opinion that equity has it within its power to grant relief (see Lacker v. Zuern, 109 So.2d 180). [Fla. 2nd DCA 1959]
We agree with the conclusions reached by the trial judge. See also Ashwood v. Patterson, 49 So.2d 848 (Fla.1951), and Bencomo v. Bencomo, 195 So.2d 874 (Fla. 3rd DCA 1967). We have considered appellant’s assertion that the courts of this state have consistently held that an estate by the entireties is not ordinarily subject to partition during the continued existence of the marital relationship of husband and wife. Logan Moore Lumber Co. v. Legato, 100 Fla. 1451, 131 So. 381 (1930); Hunt v. Covington, 145 Fla. 706, 200 So. 76 (1941); Naurison v. Naurison, 132 So.2d 623 (Fla. 3rd DCA 1961). Further, an estate by the en-tireties depends on the existence of the marital relationship for its continuance. Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727 (1941).
*657 Appellant recognizes, however, that equity may act to prevent an unjust result, and his argument here is simply that there has been no showing that appellant will benefit to the detriment of appellee. We disagree, since the trial court has found otherwise, and the decision comes to us clothed with a presumption of correctness. Other jurisdictions have recognized that a tenancy by the entireties may be severed during coverture "... either by agreement of the parties, actual or implied, ... or by judicial intervention.” Community Federal Savings and Loan Association v. Luckenbach, 463 Pa. 472, 261 A.2d 327, 329-330 (1970). Furthermore, we are not persuaded by appellant’s argument that under the circumstances presented here, there is any remaining duty on the part of the wife or the courts to exercise any care in assuring that the entire estate will be retained for the benefit of both parties. We conclude, as did the trial judge, that the unity between the parties which forms the basis for the entireties form of ownership has been dissolved by appellant’s felonious act and we consider that strong equitable principles would be frustrated by denying the only practical remedy now available in the wife’s behalf which will allow the disastrous effects of appellant’s wrongful act to be partially offset.
The judgment appealed from is affirmed.
MILLS, C. J., and BOOTH, J., concur.